IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCA D.A.R.,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, CALIFORNIA CITY CORRECTION CENTER, *et al.*,<br><br>Respondents. | Civil No. 1:26-cv-03945-MWJS<br>ORDER GRANTING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS<br><br>A# 244-273-033 |

**ORDER GRANTING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Luca D.A.R.[1] is an immigration detainee proceeding with a first amended petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 11. In November 2023, the Department of Homeland Security (DHS) paroled Petitioner into the country and commenced removal proceedings against him pursuant to 8 U.S.C. § 1229a by filing a notice to appear (NTA). *Id.* at pg. 1; Dkt. No. 14-2. The NTA instructed Petitioner to appear for a hearing on September 30, 2027. Dkt. No. 14-2, at pg. 1. Following an arrest by local law enforcement in connection with a traffic stop,

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

immigration authorities have detained Petitioner since February 2026. Dkt. No. 14-1, at pg. 2.

Petitioner now invokes this court's habeas jurisdiction, contending that his detention without a pre-deprivation hearing violated his due process rights. Dkt. 11, at pgs. 6–8. This court and many other district judges have granted relief in cases analogous to this one. *See, e.g.*, *Duanes L.L. v. Warden of the California City Det. Facility*, No. 1:26-cv-04906-MWJS, 2026 WL 1898977 (E.D. Cal. July 1, 2026); *Raul C.E. v. Murray*, No. 1:26-CV-04052-MWJS, 2026 WL 1578958 (E.D. Cal. June 2, 2026); *Danilo J.Q.E. v. Mullin*, No. 1:26-cv-03370-MWJS, 2026 WL 1257548 (E.D. Cal. May 7, 2026). The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an order to show cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable from cases like those listed above." Dkt. Nos. 12, 13. The court has received and reviewed Respondents' response. Dkt. No. 14. Although Respondents contend that Petitioner is subject to mandatory detention, they do not address the many decisions of this court and others that have rejected that argument. As noted above, the court again concludes that someone in Petitioner's position is not subject to mandatory detention. *See Tinoco v.*

*Noem*, 818 F. Supp. 3d 1141, 1151 (E.D. Cal. 2025) ("Having elected to proceed with full removal proceedings under § 1226, Respondents cannot now reverse course and institute § 1225 expedited removal proceedings." (citation modified)).

To the extent Respondents also note that Petitioner has received two hearings to review his custody status, Dkt. No. 14, at pg. 2, those do not remedy the fact that Petitioner was detained without any pre-deprivation process. *See, e.g.*, *Charan S. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-03017-TLN-JDP, 2026 WL 1144158, at *6 (E.D. Cal. Apr. 28, 2026) ("[T]he bond hearing occurred after Petitioner's detention, so it failed to remedy the initial constitutional violation. The fact that Petitioner was provided with a post-deprivation court-ordered bond hearing does not cure the initial constitutional violation of unlawfully revoking Petitioner's liberty and detaining him without any process[.]"). In addition, Petitioner bore the burden of proof during those hearings, whereas Respondents would have shouldered that burden at any pre-deprivation hearing. *See Singh v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-01689-EPG-HC, 2026 WL 171952, at *6 (E.D. Cal. Jan. 22, 2026) ("[A]t . . . a pre-deprivation hearing, the government bears the burden of proving by clear and convincing evidence that Petitioner is a danger to the community or a flight risk such that re-detention is warranted."). Finally, nothing in the current record suggests that pre-deprivation process would have been impracticable here.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior cases that this court has found persuasive, IT IS HEREBY ORDERED that the first amended petition for writ of habeas corpus, Dkt. No. 11, is GRANTED as to Count 1, for the reasons stated in those cases.

Respondents are ORDERED to immediately release Petitioner Jose A.M.L. (A# 244-273-033) from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED: July 27, 2026, at Honolulu, Hawai‘i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge